NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| CAPTAIN WILLIAM JOY, SERGEANT ANNETTE ROLON, AND SERGEANT JOHN KARRAS, <br><br> Plaintiffs, <br><br> v. <br><br> HUDSON COUNTY SHERIFF JUAN PEREZ, CHIEF JOHN BARTUCCI, HUDSON COUNTY SHERIFF'S OFFICE, HUDSON COUNTY, <br><br> Defendants. | : : : : : : : : : : : : : : : : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civ. No. 10-1636(DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs' appeal of Magistrate Judge Dickson's February 3, 2011 Letter Order (ECF No. 38) granting Defendants' motion for a protective order as to discovery requested in Plaintiffs' subpoena to non-party Michael DaPuzzo ("DaPuzzo"). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Plaintiffs' appeal is denied.

**I. DISCUSSION**

Plaintiffs appeal Magistrate Judge Dickson's entry of a protective order preventing the deposition of DaPuzzo in Florida. Judge Dickson's decision was premised on the fact that "Plaintiffs

have failed to demonstrate that the testimony and documents sought from DaPuzzo are relevant to the claims, defenses and/or subject matter of this case, and [] the burden imposed on Defendants in attending the deposition would substantially outweigh any potential benefit to Plaintiffs." Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." See L. Civ. R. 72.1(c)(1)(A). "A Judge shall consider the appeal and or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." See id. The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal. See Mohiuddin v. Sony Corp., No. 07-CV-0617 (DMC), 2008 U.S. Dist. LEXIS 7524, at *1 (D.N.J. Feb. 1, 2008).

Plaintiffs appeal on two grounds. First, they insist that it was improper to enter a protective order against an out-of-state subpoena. Pls.' Br. 3. Second, they argue that Judge Dickson abused his discretion in entering the protective order because the deposition of DaPuzzo is relevant to show official misconduct and unequal treatment of sheriff officers. Pls.' Br. 5. The Court disagrees, as to both grounds.

Plaintiffs are simply incorrect in arguing that a protective order is not available against a subpoena. See, e.g., Ford Motor Co. v. Edgewood Props., No. 06-1278, 2011 U.S. Dist. LEXIS 67227, at *6 (D.N.J. June 23, 2011) (issuing protective order to prevent deposition of subpoenaed witnesses). The comments to Rule 45 explicitly state that Subdivision (c) "is not intended to dimish rights conferred by Rules 26-37." Therefore, it is appropriate to apply Rule 26(c) and issue a protective order in this instance. See Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .").

The Court further finds that Judge Dickson did not abuse his discretion by entering a

protective order because Plaintiffs have failed to establish why the deposition of DaPuzzo would be relevant. The Court fails to see how deposing a reputed crime figure that is allegedly living rent-free in Bartucci's condominium has anything to do with Plaintiff's allegations that he was discriminated and retaliated against for his affiliation with former Hudson County Sheriff Cassidy. Accordingly, a protective order was appropriate in this instance.

## IV. CONCLUSION

For the reasons stated, Plaintifs' appeal is denied.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:        August  22 , 2011
Orig.:       Clerk
cc:         All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File